**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERIDIAN AUTOMOTIVE SYSTEMS – | ) | |
| COMPOSITE OPERATIONS, INC., *et al.*, | ) | Case No. 05-11168 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| THE MAS LITIGATION TRUST, by and | ) | |
| through OCEAN RIDGE CAPITAL | ) | |
| ADVISORS, LLC, as the Litigation Trust, | ) | |
| | ) | Adversary No. 07-51196 (KG) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PLASTECH ENGINEERED PRODUCTS, | ) | |
| | ) | |
| Defendant. | ) | **Related Docket Nos.: 10 and 20** |
| | ) | |

**MEMORANDUM OPINION**[1]

The matters before the Court are: (1) Plastech Engineered Products, Inc.'s Motion to Dismiss the Amended Complaint to Avoid and Recover Avoidable Transfers pursuant to Federal Rules of Civil Procedure 4, 12(b)(2), (4) and (5) and 15(c), applicable to this matter under Federal Rules of Bankruptcy Procedure 7004, 7012 and 7015, ("Plastech's Motion to Dismiss") [D.I. 10]; and (2) Plaintiff's First Motion for Leave of Court to File an Amended Complaint ("Plaintiff's Motion to Amend") [D.I. 20]. After careful analysis of the facts and legal standards, the Court will deny in part and grant in part, without prejudice, Plastech's Motion to Dismiss, as set forth below. The Court will grant Plaintiff's Motion to Amend in its entirety.

---

[1] This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052.

## I. BACKGROUND

On April 26, 2005, Meridian Automotive Systems, Inc. and certain of its subsidiaries ("Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. On December 6, 2006, this Court entered an order confirming Debtors' plan of reorganization. The Plan became effective on December 29, 2006. Pursuant to the terms of the Plan, a litigation trust was created to pursue certain causes of action.

On April 23, 2007, Ocean Ridge Capital Advisors, LLC (the "Plaintiff"), as trustee of the litigation trust, filed a complaint against Plastech Engineered Products ("Plastech") to recover avoidable transfers in the amount of $86,567.20 (the "Original Complaint"). On May 21, 2007, Plaintiff filed an Amended Complaint seeking the recovery of avoidable transfers in the amount of $5,669,111.99 (the "Amended Complaint"). The amount sought in the Amended Complaint included the transfers alleged in the Original Complaint as well as additional transfers made by the Debtors 90-day period prior to the Petition Date to or for the benefit of LDM Technologies, an entity that Plastech purportedly acquired in or about 2004.[2]

---

[2] On April 23, 2007, Plaintiff filed a separate adversary proceeding, MAS Litigation Trust v. Plastech LDM, Adv. Proc. No. 07-51195 (the "Plastech LDM Adversary Proceeding"), to recover avoidable transfers in the amount of $5,582,544.79. In the Plastech LDM Adversary Proceeding, Plaintiff seeks recovery of the same transfers as those set forth in the Amended Complaint in this action. In its Motion to Dismiss in the Plastech LDM Adversary Proceeding, also pending before this Court, Plastech notes that "Plastech LDM" does not exist. In its response, Plaintiff contends that it named "Plastech LDM" based upon records provided by Plastech that erroneously identified Plastech LDM as the entity that received the avoidable transfers. Plaintiff further notes that it subsequently learned that LDM Technologies was acquired by Plastech in 2004 and now seeks to amend the Complaint in the Plastech LDM Adversary Proceeding to name LDM Technologies, Inc. n/k/a Plastech Engineered Products, Inc., as the proper defendant. In an Opinion and Order issued contemporaneously herewith, the Court dismissed the Plastech LDM Adversary Proceeding.

On June 20, 2007, Plastech filed Plastech's Motion to Dismiss, alleging that (i) service on the Defendant was improper; (ii) this Court does not have personal jurisdiction over the Defendant and (iii) additional claims in the Amended Complaint do not relate back to the claims set forth in the Original Complaint and are, therefore, time-barred under section 546 of the Bankruptcy Code. Plastech also notes that Plaintiff failed to name the proper legal entity, having named "Plastech Engineered Products" instead of "Plastech Engineered Products, Inc."

On July 5, 2007, Plaintiff filed a response to Plastech's Motion to Dismiss and Plaintiff's Motion to Amend. In the response, Plaintiff contends that any errors in service were corrected prior to the 120-day period for service of a complaint under Federal Rule 4 and that the Amended Complaint relates back to the date of the Original Complaint because it has satisfied the elements of Federal Rule 15(c). Additionally, Plaintiff seeks leave to amend to name the proper defendant.

## II. ANALYSIS

### A. Plastech's Motion to Dismiss

(1)     Personal Jurisdiction

Plastech argues that this Court lacks personal jurisdiction because the "minimum contacts" requirement cannot be satisfied. Specifically, Plastech argues that it has not consented to personal jurisdiction in this Court because it has not filed a proof of claim in these bankruptcy cases and its only connections with this Court are that it engaged in business with the Debtors and it was a critical vendor in the bankruptcy cases.

When faced with a challenge to its jurisdiction, a federal court's analysis must begin with whether the procedural requirement of service of process has been satisfied. *Omni Capital Int'l*

*v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). Where, as here, the defendant has not consented to the choice of forum, the court must find some authority for the manner by which the summons was served on the defendant. *Id.*

In a bankruptcy case, nationwide service of process is provided by Bankruptcy Rule 7004(d). *See Klingher v. Salci (In re Tandycrafts, Inc.)*, 317 B.R. 287, 289 (Bankr. D. Del. 2004). Where service is made under Rule 7004(d), the defendant "need only have minimum contacts with the United States in order to satisfy Fifth Amendment due process." *Brown v. C.D. Smith Drug Co.*, No. Civ. A. 98-494-SLR, 1999 U.S. Dist. LEXIS 13872, at *10, 1999 WL 709992, at *3 (D. Del. Aug. 18, 1999). *See also Argus Mgmt. Group v. Rodman (In re CVEO Corp.)*, No. 01-0223 (MFW), Adv. Proc. No. 03-50376, 2004 Bankr. LEXIS 2123, at *5, 2004 WL 3656821, at *2 (Bankr. D. Del. Dec. 15, 2004) ("When a federal statute provides for nationwide service of process, the proper due process inquiry is not whether the defendant has ties to the state where the court sits, but whether the defendant has sufficient minimum contacts with the United States.").

Plastech argues that the Federal Rules of Civil Procedure do not permit a court to establish personal jurisdiction over a defendant under Bankruptcy Rule 7004(d). Federal Rule of Civil Procedure 4(k)(1)(C) allows a court to exercise personal jurisdiction over a defendant who was served with a summons as "authorized by a federal statute." Fed. R. Civ. P. 4(k)(1)(C). Plastech contends that Bankruptcy Rule 7004(d) is not a federal statute, but rather a rule promulgated by the Supreme Court and, therefore, this Court's exercise of personal jurisdiction must be governed by Federal Rule 4(k)(1)(A). Plastech's argument is wholly inconsistent with

the prior holdings of this Court. *See, e.g.*, *Klingher*, 317 B.R. 287; *Argus Mgmt. Group*, 2004 Bankr. LEXIS 2123, 2004 WL 3656821; *Harvard Indus. v. Barrincorp Indus.*, 173 B.R. 82 (Bankr. D. Del. 1994).

Thus, this Court has personal jurisdiction over any defendant that has minimum contacts with the United States and has been properly served under Bankruptcy Rule 7004. Here, Plastech is a Michigan corporation, and clearly has minimum contacts with the United States. However, Plastech contends that service of process did not comply with Rule 7004.

Pursuant to Rule 7004(b)(3), service on a corporation may be made "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Fed. R. Bankr. P. 7004(b)(3). Service must be made "within 120 days after the filing of the complaint." Fed. R. Bankr. P. 7004(m).

Plaintiff initially mailed the Complaint and Amended Complaint to an apparently improper address and failed to direct the summons to the attention of an officer or agent.[3] However, as this Court has held previously, "[f]ailure to comply with the requirements of Federal Rule of Bankruptcy Procedure 7004 will not automatically result in a dismissal of the case" and improper service may be cured with subsequent proper service. *Claybrook v. Wellspring*

---

[3] Plastech also argues that Plaintiff served a "non-existent" entity, insisting that Plaintiff has failed to name "the proper legal entity" having omitted the corporate designation "Inc." from Plastech's name in the caption of both the Original and Amended Complaints. As addressed *infra*, such an omission is merely a misnomer which can be easily corrected through an amendment of the complaint.

*Assocs., LLC (In re Discovery Zone, Inc.)*, No. 99-0941(PJW), Adv. Proc. No. 01-1590, 2004 Bankr. LEXIS 1099, *4, 2004 WL 1725712, at *2 (Bankr. D. Del. Jul 28, 2004) (citing *Hasbrouck v. Valeu (In re Valeu)*, 53 B.R. 549, 554 (Bankr. D.N.D. 1985)). Plaintiff has cured the improper service in this case by serving an alias summons upon Plastech in a manner that complies with Rule 7004. Accordingly, this Court has personal jurisdiction over Plastech and denies Plastech's Motion to Dismiss on the personal jurisdiction argument.

  (2)  Relation Back of the Additional Transfers Set Forth in the Amended Complaint

Plastech argues that the additional transfers set forth in the Amended Complaint do not relate back to the Original Complaint and, therefore, are barred by the statute of limitations and should be dismissed. Section 546(a) provides a two-year statute of limitations for the commencement of preference and fraudulent conveyance actions, running from the petition date which, in this case, is April 26, 2005. Thus, the statute of limitations expired on April 26, 2007, approximately one month before Plaintiff filed the Amended Complaint on May 21, 2007. Accordingly, unless the claims asserted in the Amended Complaint relate back to the Original Complaint, they must be dismissed.

Federal Rule 15, applicable to this matter under Bankruptcy Rule 7015, provides in relevant part:

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
>
> > (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment
>
>> (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and
>>
>> (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

The purpose of Rule 15(c) is to ensure that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150 n.3 (1984). Thus, the primary inquiry under Rule 15(c)(2) is "whether there is a nexus between the factual allegations in the original pleading and those in the amended complaint." *Burtch v. Dent (In re Circle Y of Yoakum, Tex.)*, 354 B.R. 349, 357 (Bankr. D. Del. 2006). Generally, an amended complaint will relate back to the date of the original complaint if it "merely adds a new legal ground for relief, changes the date and location of the transaction alleged, . . . spells out the details of the transaction originally alleged, . . . [or] merely increases the ad damnum clause . . . ." *Coan v. O & G Indus., Inc. (In re Austin Driveway Servs., Inc.)*, 179 B.R. 390, 395 (Bankr. D. Conn. 1995) (citations omitted). "However, when the amended pleading does not rely upon

the facts and transactions originally pled or plead them more specifically, but rather is based on new facts and different transactions, the proposed amendment will not relate back to the original pleading." *Id.*

In this case, Plaintiff argues that the additional transfers set forth in the Amended Complaint relate back to the Original Complaint because they arise out of the same transaction or occurrence as the transfers alleged in the Original Complaint. Numerous bankruptcy courts have addressed whether or not additional transfers sought to be included in an amended complaint arise out of the same transaction or occurrence as the transfers alleged in the original complaint and, therefore, relate back. Many of those courts have held that each transfer in an avoidance action is a separate and distinct transaction between the debtor and the creditor. *See Peltz v. CTC Direct, Inc. (In re MBC Greenhouse, Co.)*, 307 B.R. 787, 793 (Bankr. D. Del. 2004) (characterization as a preferential transfer is not enough for relation back if no other commonality exists among the payments); *Coan v. O & G Industries, Inc. (In re Austin Driveway Services, Inc.)*, 179 B.R. 390, 397 (Bankr. D. Conn. 1995) ("While an underlying common scheme or course of conduct might link various transfers, the debtor-creditor relationship does not dictate such a result."); *Gordon v. Slaughter (In re Slaughter Co. and Associates, Inc.)*, 242 B.R. 97 (Bankr. N.D. Ga. 1999) (holding that each transfer is an isolated event); *New Bedford Capacitor, Inc. v. Sexton Can Co. (In re New Bedford Capacitor, Inc.)*, 301 B.R. 375 (Bankr. D. Mass. 2003) (same).

Courts have found, however, that additional transfers included in an amended complaint relate back to the date of the original complaint if the additional transfers were part of a

systematic or schematic series of payments. *See Burtch*, 354 B.R. at 358 (finding a nexus between payments in the original complaint and those in the amended complaint where the payments were made on a monthly basis); *Brandt v. Gerardo (In re Gerardo Leasing, Inc.),* 173 B.R. 379, 391 (Bankr. N.D. Ill. 1994) (concluding that a stream of weekly payments of $1500 were sufficiently related to permit amendment to relate back to the original complaint). Courts have also permitted additional transfers to relate back where the language of the complaint was broad enough to capture the additional transfers or there was language which indicated an intent to recover and avoid all transfers. *See Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.)*, 327 B.R. 711, 717 (Bankr. D. Del. 2005) (allowing an amendment to relate back where the original complaint referred generally to additional transfers and the amended complaint clarified that general reference and specifically identified the additional transfers); *Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757, 763 (Bankr. D. Mass. 1995) (finding that facts alleged in the original compliant gave defendant fair notice that the trustee was challenging payments throughout the courts of defendants' relationship with the debtor); *Gordon v. Slaughter (In re Slaughter Co. & Assocs.)*, 242 B.R. 97, 103 (Bankr. D. Ga. 1999) ("If the original complaint indicates an intention to pursue all transfers, the addition of transfers will relate back, but where the additional transactions are truly separate and do not arise from a common core of operative facts, the amendment should not be allowed.").

In this case, the payments do not appear to be schematic or systematic. The Original Complaint listed six payments of unequal amounts, made at irregular intervals. (Compl. Exh. A). In the Amended Complaint, Plaintiff added fifteen payments also of unequal amounts and

made at irregular intervals. (Amend. Comp. Exh. B). Moreover, Plaintiff has failed to allege any specific facts that indicate a relationship between the payments. Both Complaints simply list the dates and amounts of the transfers and set forth the elements of sections 547, 548, 544 551, and 550. Finally, Plaintiff did not include any allegations in the Original Complaint which could have encompassed the additional transfers, nor did Plaintiff include any language indicating an intent to pursue all transfers. Therefore, this Court can only conclude that the additional transfers included in the Amended Complaint do not arise out of the same transaction or occurrence as those listed in the Original Complaint, and accordingly do not relate back to the date of the Original Complaint.

Plaintiff argues that Plastech is responsible for any liabilities of LDM Technologies since Plastech acquired LDM in 2004 and that Plastech knew or should have known that "had it not been for Plaintiff's mistake concerning the proper name and status of LDM and [Plastech], all claims as set forth in the amended complaint would have been brought against [Plastech] in a single action." Plaintiff further argues that "[t]he addition of the LDM transfers to the Complaint is merely a more efficient means of proceeding against [Plastech] for recovery on the preferential transfers." Plaintiff has not cited any law in support of this argument and the Court is likewise unaware of any law that supports such a proposition. Moreover, numerous rulings of this Court and others cited above require dismissal of the additional transfers. Nevertheless, in light of the circumstances surrounding this case, if the facts permit, the Court will grant leave to Plaintiff to file a Second Amended Complaint to include specific allegations of fact sufficient to establish

that the additional transfers arise from the same course of transactions or occurrence as those challenged in the Original Complaint.

### B. Plaintiff's Motion to Amend

Plaintiff requests leave to amend to correct the caption, which as noted by Plastech numerous times in its Motion to Dismiss, does not contain the proper legal name for Plastech.

Federal Rule 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts should grant leave to amend pleadings under Rule 15(a) freely, in the absence of "any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). If the purpose of the amendment is merely to correct a misnomer, it is undeniable that the amendment would relate back in time to the date of the original complaint. *Williams v. Pennsylvania R. Co.*, 91 F. Supp. 652, 654 (D. Del. 1950). However, if the effect of the amendment is to add a new party to the suit, the amendment would not relate back to the date of the original complaint and the statute of limitations would bar the action as to that party. *Id.*

In this case, Plaintiff seeks leave to amend merely to correct a misnomer. Plaintiff named Plastech Engineered Products as the defendant instead of Plastech Engineered Products, Inc. Plastech urges this Court to hold that no legal entity has yet been named in this action and, therefore, the case must be dismissed. However, such a holding would be inconsistent with this

Court's prior rulings. In a case very similar to the one at bar, Judge Walsh permitted a plaintiff to amend its complaint to add "Inc." to the caption and held that such amendment related back to the original filing. *Official Comm. of Unsecured Creditors v. Hurberries Mining & Auto Supply*, 2001 Bankr. LEXIS 1291, *4 (Bankr. D. Del. 2001). Judge Walsh reasoned that the defendant "knew or should have known that, but for a mistake omitting "Inc." as [its] corporate designation, this action would have been brought against it." *Id.* at *5. Moreover, the proposed amendment does not assert any new facts or claims and, therefore, relation back is proper under Federal Rule of Civil Procedure 15(c)(2). Accordingly, this Court will grant leave to amend for the purpose of correcting the caption to reflect Plastech's proper corporate name.

### III. CONCLUSION

Plastech's Motion to Dismiss pursuant to Federal Rules 4, 12(b)(2), (4) and (5) will be denied. Plastech's Motion to Dismiss pursuant to Federal Rule 15(c), wil be granted, subject to leave to Plaintiff to file a Second Amended Complaint if the facts establish that the additional transfers which Plaintiff added in the Amended Complaint arise from the same course of transactions or occurrence as those challenged in the Original Complaint. The Second Amended Complaint must be filed with the Court and served within 20 days hereof. Finally, Plaintiff's Motion to Amend is granted for the purpose of correcting the caption. An Order consistent with the Opinion shall be issued.

Dated: December 5, 2007

_____
KEVIN GROSS, U.S.B.J.